**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ARDMMIR PEARSALL, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 2:26-cv-0704 |
| | : | |
| UNKNOWN POLICE OFFICERS, | : | |
| Defendants. | : | |

**M E M O R A N D U M**

**Joseph F. Leeson, Jr.**                                          **February 26, 2026**
**United States District Judge**

Plaintiff Ardmmir Pearsall brings this *pro se* civil action pursuant to Title 42 U.S.C. §

1983, against unknown "police officers and/or detectives for Delaware County," alleging that his

arrest, imprisonment, and prosecution violated his Fourth Amendment rights. Compl. 1. He seeks

to proceed *in forma pauperis*. For the following reasons, the Court grants Pearsall *in forma*

*pauperis* status and dismisses his Complaint with leave to amend.

**I.        FACTUAL ALLEGATIONS**[1]

Pearsall's allegations are brief. He alleges that on or about June 11, 2022, the Defendants

"caused [him] to be seized and arrested for an alleged robbery and shooting that occurred

approximately one week prior." Compl. 2. Pearsall claims he did not match the description of the

robbery suspect, and that he was arrested without probable cause. *Id.* He was prosecuted for

these crimes and detained at the George W. Hill Correctional Facility in Delaware County from

the date of his arrest until January 28, 2024, when it appears the prosecution withdrew the

charges against him. *See id.* Based on these allegations, Pearsall contends that he was arrested,

---

[1]        The following allegations are taken from the Complaint. ECF No. 1. The Court adopts
the sequential pagination supplied to the Complaint by the CM/ECF docketing system.

detained, and prosecuted without probable cause in violation of his Fourth Amendment rights. *See id.* at 3. He seeks compensatory and punitive damages. *See id.* at 4.

## II.    STANDARD OF REVIEW

The Court grants Pearsall leave to proceed *in forma pauperis* because it appears that he does not have the ability to pre-pay the fees to commence this case.[2] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. This standard requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). At the screening stage, the Court will accept the facts alleged in the *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether the complaint, liberally construed, contains facts sufficient to state a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *See Iqbal*, 556 U.S. at 678; *see also Martinez v. UPMC Susquehanna*, 986 F.3d 261, 266 (3d Cir. 2021) ("A plaintiff cannot survive dismissal just by alleging the conclusion to an ultimate legal issue.").

## III.    DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted). "As the Supreme Court has explained, claims for false arrest challenge

---

[2]    However, since Pearsall is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

detention without legal process, while malicious prosecution involves seizure pursuant to legal process." *Rivera-Guadalupe v. City of Harrisburg*, 124 F.4th 295, 303 (3d Cir. 2024) (quotations and citations omitted). "And a person arrested may be constitutionally detained without a warrant only for a short period before she must be presented to a neutral magistrate for a determination of probable cause, whereas a person held pursuant to legal process may be subjected to far longer detention[.]" *Id.* (citations omitted).

A plaintiff bringing claims for false arrest and false imprisonment must allege facts showing that he was arrested and detained without probable cause. *See Harvard v. Cesnalis*, 973 F.3d 190, 199–203 (3d Cir. 2020). "An officer has probable cause to arrest a person 'when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested.'" *Id.* at 199–200 (quoting *Orsatti v. N.J. State Police*, 71 F.3d 480, 483 (3d Cir. 1995)). "False arrest and false imprisonment claims will 'necessarily fail if probable cause existed for any one of the crimes charged against the arrestee.'" *Id.* at 199 (quoting *Dempsey v. Bucknell Univ.*, 834 F.3d 457, 477 (3d Cir. 2016)).

Accordingly, a plaintiff asserting a Fourth Amendment malicious prosecution claim "must show that (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." *McKenna v. City of Phila.*, 582 F.3d 447, 461 (3d Cir. 2009) (citation omitted). Whether probable cause exists for a prosecution must be determined "charge by charge." *Chiaverini v. City of Napoleon*, 602 U.S. 556, 562 (2024). "To demonstrate a

favorable termination of a criminal prosecution for purposes of the Fourth Amendment claim. . . , a plaintiff need only show that his prosecution ended without a conviction." *Thompson v. Clark*, 596 U.S. 36, 39 (2022).

Pearsall's Complaint fails to allege sufficient facts to support a plausible Fourth Amendment claim. He alleges that he was arrested, detained, and prosecuted without probable cause, but he does not provide enough facts to support that conclusion. Pearsall states that he was "arrested for an alleged robbery and a shooting," but that he "did not match" the description of the suspect. Compl. 2. But those are general, conclusory statements that Pearsall does not develop or support with specific facts. For example, he does not indicate the actual criminal charges he faced, describe any difference between the suspect's description and himself, recount what factual basis the police asserted for thinking that he had perpetrated those crimes, provide a version of events contrary to the police's assertions, explain why the charges against him were withdrawn, or include any other facts from which the Court could infer that the conclusions of the police were unreasonable. Absent additional allegations that provide context for his arrest and prosecution, including what the police purportedly knew or had reason to know during the investigation and prosecution, Pearsall's Complaint falls far short of stating a plausible Fourth Amendment claim. *See Godfrey v. Pennsylvania*, 525 F. App'x 78, 80 (3d Cir. 2013) (*per curiam*) (explaining that, to the extent the plaintiff was asserting claims for false arrest, false imprisonment, and malicious prosecution, "[the plaintiff] needed to point to facts suggesting that Defendant Thompson lacked probable cause to believe he had committed the offense for which he was arrested") (citations omitted); *Santiago v. Humes*, No. 14-7109, 2015 WL 1422627, at *4 (E.D. Pa. Mar. 30, 2015) (dismissing false arrest, false imprisonment, and malicious prosecution claims when plaintiffs did not "allege what they believe actually happened the day of the arrest"

4
022626

and failed to "affirmatively assert facts to show that the Officer Defendants did not have probable cause").[3]

## IV.    CONCLUSION

For the foregoing reasons, the Court grants Pearsall leave to proceed *in forma pauperis* and dismiss his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim. Pearsall is given leave to file an amended complaint in the event he can plead additional facts that would cure the defects noted above.

An appropriate Order follows, which provides further instruction as to amendment.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

---

[3]    Further, if Pearsall were not arrested pursuant to a warrant, his false arrest and false imprisonment claims appear to be barred by the applicable two-year statute of limitations, because those claims would have accrued in June 2022. *See* 42 Pa. Cons. Stat. § 5524; *Wallace v. Kato*, 549 U.S. 384, 397 (2007) ("[T]he statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process."); *Montgomery v. De Simone*, 159 F.3d 120, 126 (3d Cir. 1998) ("A claim for false arrest, unlike a claim for malicious prosecution, covers damages only for the time of detention until the issuance of process or arraignment, and not more." (citation omitted)). In contrast, Pearsall's malicious prosecution claim did not accrue until the date the charges terminated in his favor. *See Rose v. Bartle*, 871 F.2d 331, 349 (3d Cir. 1989).