**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA**

ARDMMIR PEARSALL,                    :
    Plaintiff,                    :
                                 :
    v.                    :    No. 2:26-cv-0704
                                 :
UNKNOWN POLICE OFFICERS,              :
    Defendants.                    :

**MEMORANDUM**

**Joseph F. Leeson, Jr.**                                    **March 31, 2026**
**United States District Judge**

    Currently before the Court is an Amended Complaint filed by Plaintiff Ardmmir Pearsall against "Unknown Police Officers" who were responsible for his arrest and prosecution in Delaware County.[1]  For the following reasons, the Court dismisses the Amended Complaint with leave to amend.

## I.    FACTUAL ALLEGATIONS[2]

    Pearsall's claims arise from his arrest on June 11, 2022, for a robbery and shooting that occurred a week prior, and his subsequent prosecution on related criminal charges.  *See* Am. Compl. ¶¶ 5, 11.  According to Pearsall, the victim—who was "robbed, pistol whipped, and shot"—described the suspect to the Defendants, who were apparently investigating the incident,

---

[1]    After granting Pearsall leave to proceed *in forma pauperis*, the Court dismissed his initial Complaint because Pearsall "fail[ed] to allege sufficient facts to support a plausible Fourth Amendment claim." *Pearsall v. Unknown Police Offs.*, No. 26-704, 2026 WL 540785, at *2 (E.D. Pa. Feb. 26, 2026).  The Court gave Pearsall "leave to file an amended complaint in the event he can plead additional facts," *id.* at *3, and he returned with the pending Amended Complaint, ECF No. 9.

[2]    The following allegations are taken from the Amended Complaint.  For all allegations not in numbered paragraphs, the Court adopts the sequential pagination supplied to the Complaint by the CM/ECF docketing system.

as a Black male wearing a black hooded shirt, dark colored jeans, and white sneakers. *Id.* ¶¶ 5–6. The victim also told the Defendants that the incident "occurred after [he] contacted [Pearsall] to sell [Pearsall] some drugs." *Id.* ¶ 7.

The Defendants, unknown "police officers and/or detectives for Delaware County," *id.* ¶ 2, reviewed pertinent video footage of the incident, which showed an individual other than Pearsall who wore a royal-blue hat, a white T-shirt, and multi-colored sneakers committing the offenses, *id.* ¶¶ 9, 17. The footage reflected that Pearsall did not "commit any offense." *Id.* ¶ 8. Despite having reviewed this footage, the unknown officers arrested Pearsall on June 11, 2022, apparently because phone records "connect[ed] [Pearsall] to the victim." *Id.* ¶¶ 8, 10, 18. While effecting the arrest, the officers "pulled out firearms and aimed them at [Pearsall], along with his family." *Id.* ¶¶ 10.B, 19.A.

Following his arrest, Pearsall "was confined at the George W. Hill Correctional Facility" in connection with charges filed against him for aggravated assault, robbery, attempted murder, and possession of a firearm. *Id.* ¶¶ 11–12. The charges "w[ere] dismissed for lack of evidence" three months after Pearsall's arrest, but "the Defendants . . . caused these criminal charges to be re-filed against" Pearsall while he was still incarcerated. *Id.* ¶¶ 13–14. The Commonwealth pursued the prosecution for sixteen more months before withdrawing the charges, "which allowed [Pearsall] to be released." *Id.* ¶¶ 15. Overall, Persall spent approximately nineteen months incarcerated.[3] *Id.* ¶ 19.B.

Based on these allegations, Pearsall claims "violations of his Fourth Amendment right to be free from arrest and prosecution absent probable cause," *id.* at 1, although he predominately

---

[3] Pearsall's initial Complaint reflects that he was released on January 28, 2024. Compl. ¶¶ 7–8.

pursues a malicious prosecution claim, *id.* ¶¶ 20–24.[4]  He seeks damages in excess of $250,000.

*See id.*

## II.    STANDARD OF REVIEW

Since Pearsall proceeds *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the

Court to dismiss the Amended Complaint if it fails to state a claim.  The Court must determine

whether the Complaint contains "sufficient factual matter, accepted as true, to 'state a claim to

---

[4]      To the extent Pearsall pursues claims apart from malicious prosecution, those claims are barred by the applicable two-year statute of limitations.  *See* 42 Pa. C.S. § 5524; *see also Wallace v. Kato*, 549 U.S. 384, 387 (2007) ("Section 1983 provides a federal cause of action, but in several respects relevant here federal law looks to the law of the State in which the cause of action arose. This is so for the length of the statute of limitations: It is that which the State provides for personal-injury torts.").  In general, the statute of limitations starts running at the time the plaintiff "knew or should have known of the injury upon which [his] action is based." *Sameric Corp. of Del.*, *v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998) (citation omitted). "[T]he statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." *Wallace*, 549 U.S. at 397.  A prisoner's complaint is considered filed at the time he hands it over to prison authorities for forwarding to the Court.  *See Moody v. Conroy*, 680 F. App'x 140, 144 (3d Cir. 2017) (*per curiam*); *Houston v. Lack*, 487 U.S. 266, 276 (1988) (applying the same rule to a notice of appeal).

Although it is unclear when Pearsall handed his initial Complaint to prison authorities for mailing, it is dated January 16, 2026, and the stamp on the envelope in which the Complaint was mailed was canceled on January 30, 2026, meaning that the earliest the Complaint could have been filed is January 16, 2026.  *See* Compl. at 4–5.  However, any claims based on Pearsall's June 11, 2022 arrest and initial detention prior to his prosecution accrued more than two years prior to that date, as did any claims based on the amount of force used to effect his arrest.  *See, e.g.*, *LeBlanc v. Snavely*, 453 F. App'x 140, 142 (3d Cir. 2011) (*per curiam*) ("Claims for false arrest and assault (which would include [the plaintiff's] excessive force claim) typically accrue on the date of the arrest or the assault, because, at that point, the plaintiff has reason to know of the injury." (citing *Montgomery v. De Simone*, 159 F.3d 120, 126 (3d Cir. 1998))).  Accordingly, all claims except for Pearsall's malicious prosecution claim are dismissed as time barred.  *See Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017) (explaining that dismissal based on an affirmative defense is only appropriate if the "defense is apparent on the face of the complaint" (citing *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014))).  Malicious prosecution claims do not accrue until the criminal proceedings end in the plaintiff's favor.  *See Randall v. City of Phila. Law Dep't*, 919 F.3d 196, 198 (3d Cir. 2019) ("[F]ederal law holds that a malicious-prosecution claim accrues when criminal proceedings end in the plaintiff's favor." (citation omitted)).

relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  At this early stage of the litigation, the Court accepts the facts alleged in the *pro se* Complaint as true, draw all reasonable inferences in Pearsall's favor, and ask only whether the Complaint contains facts sufficient to state a plausible claim.  *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.  Because Pearsall is proceeding *pro se*, the Court construes his allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III.   DISCUSSION

As previously noted in *Pearsall*, No. 26-0704, 2026 WL 540785, at *2, a plaintiff asserting a Fourth Amendment malicious prosecution claim must establish that "(1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding."  *McKenna v. City of Phila.*, 582 F.3d 447, 461 (3d Cir. 2009) (citation omitted).  Whether probable cause exists for a prosecution must be determined "charge by charge."  *Chiaverini v. City of Napoleon*, 602 U.S. 556, 562 (2024).  "To demonstrate a favorable termination of a criminal prosecution for purposes of the Fourth Amendment claim. . . , a plaintiff need only show that his prosecution ended without a conviction."  *Thompson v. Clark*, 596 U.S. 36, 39 (2022).  Additionally, to state a claim against a defendant, a plaintiff must

describe how that defendant was personally involved in the alleged wrongs. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted).

Pearsall alleges that despite having viewed video footage reflecting that another individual was the perpetrator, the Defendants charged him with crimes he did not commit, resulting in his incarceration for nineteen months. He further alleges that the charges were initially dismissed for lack of evidence but then pursued for another sixteen months until they were withdrawn. These facts state a plausible malicious prosecution claim. However, Pearsall has not sufficiently identified the Defendants or described their personal involvement in the events beyond collectively referring to them as "Defendants."

In the Order dismissing Pearsall's initial Complaint with leave to amend, the Court provided the following instructions, among others:

> Any amended complaint must identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint and shall state the basis for Pearsall's claims against each defendant. The amended complaint must also provide as much identifying information for the defendants as possible. Pearsall may refer to a defendant by last name only if that is the only identifying information possessed. If Pearsall wishes to name individuals for whom he does not have any identifying information, he may refer to those individuals as John Doe #1, John Doe #2, etc. He is encouraged to include badge numbers (if he has that information) or physical description if he does not have names.

Order ¶ 6, ECF No. 7 (footnote omitted). The Court also explained that "[w]ithout the name of at least one individual or entity, however, the Court may be unable to direct service of any amended complaint that Pearsall may file." *Id.* ¶ 6 n.1.

Despite these instructions, the Amended Complaint, like the initial Complaint, names only "Unknown Police Officers" as the Defendants. Am. Compl. at 1. "Doe defendants 'are routinely used as stand-ins for real parties until discovery permits the intended defendants to be installed.'" *Hindes v. F.D.I.C.*, 137 F.3d 148, 155 (3d Cir. 1998) (quoting *Scheetz v. Morning*

5
033126

*Call, Inc.,* 130 F.R.D. 34, 36 (E.D. Pa. 1990)).  The "naming of fictitious defendants" until

discovery yields those defendants' identities is a particularly important tool in cases filed by self-

represented plaintiffs who are incarcerated, since such plaintiffs "often face informational

disadvantages."  *Alston v. Parker*, 363 F.3d 229, 233 n.6 (3d Cir. 2004), *abrogated on other*

*grounds by Iqbal*, 556 U.S. at 678; *see also Valentin v. Dinkins*, 121 F.3d 72, 75–76 (2d Cir.

1997) (describing the circumstances in which discovery might be necessary to identify unknown

defendants); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 789 (7th Cir. 1995) ("[B]ecause

Billman is a prisoner he may not be in a position to identify the proper defendants, or all of them,

in his complaint.").  However, "an action cannot be maintained solely against Doe defendants"

and "the case law is clear that fictitious parties must eventually be dismissed, if discovery yields

no identities."  *Hindes*, 137 F.3d at 155 (cleaned up); *see also Baker v. United States*, 642 F.

App'x 147, 151–52 (3d Cir. 2016) (same).

Yet, Pearsall's Amended Complaint does not provide sufficient information about the

Defendants for the case to proceed to either service or some form of limited discovery.  The only

Defendants listed are "unknown police officers" identified broadly as "police officers and/or

detectives for Delaware County."  Am. Compl. ¶ 2.  It is not clear from this sparse allegation

how many individual officers Pearsall attempts to sue.  Nor is it clear where these officers are

employed, such that one could limit the inquiry to a specific police department or departments or

a specific municipality within Delaware County where they operate.[5]  While the Court

recognizes that self-represented litigants who are incarcerated face informational challenges, at

least some of this information seems reasonably within Pearsall's knowledge.  He claims to have

---

[5]     Delaware County's website lists forty-nine municipalities that comprise the county.  *See* Delaware County, Pennsylvania, *Municipalities*, https://delcopa.gov/towns (last visited Mar. 27, 2026).

been falsely prosecuted for nineteen months.  Presumably, during that prosecution, he received copies of the criminal complaint filed against him (including any affidavits of probable cause prepared by police officers), his court docket, or other notes of testimony that would aid him in ascertaining the identities of the individuals who he claims caused him harm.  He also presumably had counsel—whether private or through court appointment—who might be able to provide some of this information to him.  At a minimum, nothing in the record suggests that Pearsall would be unable, with some effort, to identify at least one defendant with some amount of specificity.

Additionally, the Amended Complaint does not allege each Defendant's specific personal involvement in the events at issue.  Even if he does not know a particular officer's name, Pearsall could still plead facts pertaining to that officer's conduct, *e.g.*, by stating that "John Doe Officer #1 took the following actions," so that it is clear on what conduct he bases each Defendant's liability.  Pleading in the collective by using the term "Defendants" and ascribing all of the behavior alleged to an unidentified, unlimited group of people, is insufficient to state a claim and does not provide enough information to either identify defendants or for any defendants to defend the claims brought against them.[6]  *See Walker v. Wetzel*, No. 22-1357, 2022 WL 4103632, at *3 (3d Cir. Sept. 8, 2022) (*per curiam*) (affirming the district court' s conclusion that generalized reference to "officers"  did not allege personal involvement); *Lawal v. McDonald*, 546 F. App'x 107, 113 (3d Cir. 2014) (agreeing with the district court that the "repeated and collective use of the word 'Defendants' failed to name which specific Defendant engaged in the

---

[6]    Prior to submitting his Amended Complaint, Pearsall submitted five USM-285 forms for service of "unknown police officers" from the Upper Darby Township Police Department.  ECF No. 8.  If he is suing five officers from Upper Darby Township, he must say so in his pleading and he must specify what each of the five officers did to state a claim.

specific conduct alleged"). Accordingly, the Court dismisses the amended complaint but provides Pearsall with another opportunity to amend his claims.

## IV.    CONCLUSION

For the foregoing reasons, the Court dismisses Pearsall's Amended Complaint. The Court grants him leave to file a second amended complaint against named and/or more clearly defined defendants so that he has an opportunity to proceed with his malicious prosecution claim. Pearsall should keep in mind the statute of limitations, because delay in identifying the defendants could render his claims untimely. *See Garvin v. City of Phila.*, 354 F.3d 215, 220 (3d Cir. 2003) (explaining that "[t]he naming of a John Doe defendant in a complaint does not stop the statute of limitations from running or toll the limitations period as to that defendant"); *Singletary v. Pa. Dep't of Corr.*, 266 F.3d 186, 194 (3d Cir. 2001) (explaining the circumstances under which amendment after the limitations period will relate back to the original complaint so as to render a claim timely).

An appropriate Order follows, which provides further guidance about amendment.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

8
033126