**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ARDMMIR PEARSALL, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 2:26-cv-0704 |
| | : | |
| UNKNOWN POLICE OFFICERS, | : | |
| Defendants. | : | |

**O R D E R**

**AND NOW**, this 31st day of March, 2026, upon consideration of Plaintiff Ardmmir

Pearsall's Amended Complaint, ECF No. 9, it is **ORDERED** that:

1.      The Amended Complaint, ECF No. 9, is **DISMISSED without prejudice** for the

reasons stated in the Court's Memorandum.

2.      Pearsall may file a second amended complaint **within thirty (30) days of the**

**date of this Order**.  Any second amended complaint must identify all defendants in the caption

of the amended complaint in addition to identifying them in the body of the second amended

complaint and shall state the basis for Pearsall's claims against each defendant.  **The second**

**amended complaint must also provide as much identifying information for the defendants**

**as possible.  Pearsall may refer to a defendant by last name only if that is the only**

**identifying information possessed.  If Pearsall wishes to name individuals for whom he does**

**not have any identifying information, he may refer to those individuals as John Doe #1,**

**John Doe #2, etc.[1]  He is encouraged to include badge numbers (if he has that information)**

**or physical description if he does not have names.**  The second amended complaint shall be a

---

[1]      Without the name of at least one individual or entity, however, the Court may be unable
to direct service of any amended complaint that Pearsall may file.

complete document that does not rely on the initial Complaint or other papers filed in this case to state a claim.  When drafting his second amended complaint, Pearsall should be mindful of the Court's reasons for dismissing the claims in his initial Complaint as explained in the Court's Memorandum.  Upon the filing of a second amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

3.    The Clerk of Court is **DIRECTED** to send Pearsall a blank copy of the Court's form complaint for a prisoner filing a civil rights action bearing the above civil action number. Pearsall may use this form to file his second amended complaint if he chooses to do so.

4.    If Pearsall does not wish to amend and instead intends to stand on his Amended Complaint as originally pled, he may file a notice with the Court **within thirty (30) days of the date of this Order stating that intent**, at which time the Court will issue a final order dismissing the case.  Any such notice should be titled "Notice to Stand on Complaint," and shall include the civil action number for this case.  *See Weber v. McGrogan*, 939 F.3d 232, 241 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

5.    If Pearsall fails to file any response to this Order, the Court will conclude that Pearsall intends to stand on his Amended Complaint and will issue a final order dismissing this

033126

case.[2]  *See Weber*, 939 F.3d at 239–40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

BY THE COURT:

/s/ *Joseph F. Leeson, Jr.*

JOSEPH F. LEESON, JR.
United States District Judge

---

[2]      The six-factor test announced in *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on her complaint.  *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (*per curiam*).  Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend her complaint, leaving the case without an operative pleading.  *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (*per curiam*) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accts. Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).

033126