**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ARDMMIR PEARSALL, | : | |
|     Plaintiff, | : | |
| | : | |
|     v. | : | No. 2:26-cv-0704 |
| | : | |
| UNKNOWN POLICE OFFICERS, | : | |
|     Defendants. | : | |

<u>**MEMORANDUM**</u>

**Joseph F. Leeson, Jr.**                                              **May 11, 2026**
**United States District Judge**

Currently before the Court is a Second Amended Complaint ("SAC") filed by Plaintiff

Ardmmir Pearsall in which he asserts Fourth Amendment claims based on his arrest and

prosecution in Delaware County, Pennsylvania.  For the following reasons, the Court dismisses

the SAC and gives Pearsall one final opportunity to amend.

## I.    FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY[1]

In his initial Complaint, Pearsall brought Fourth Amendment claims pursuant to Title 42

U.S.C. § 1983 against "unknown police officers" who arrested him in Delaware County and

caused him to be prosecuted on felony charges that were ultimately withdrawn.  *See* Compl. 2,

ECF No. 1.  After granting Pearsall leave to proceed *in forma pauperis*, the Court dismissed the

Complaint because Pearsall "fail[ed] to allege sufficient facts to support a plausible Fourth

Amendment claim."  *Pearsall v. Unknown Police Offs.*, No. 26-704, 2026 WL 540785, at *2

(E.D. Pa. Feb. 26, 2026) ("*Pearsall I*").  "For example, he [did] not indicate the actual criminal

---

[1]    The following allegations are taken from Pearsall's pleadings.  The Court adopts the
pagination supplied by the CM/ECF docketing system.

charges he faced, describe any difference between the suspect's description and himself, recount what factual basis the police asserted for thinking that he had perpetrated those crimes, provide a version of events contrary to the police's assertions, explain why the charges against him were withdrawn, or include any other facts from which the Court could infer that the conclusions of the police were unreasonable." *Id.* at *2. The Court gave Pearsall "leave to file an amended complaint in the event he [could] plead additional facts," *id.* at *3, instructing him that any amended complaint must identify each defendant to the extent possible and must also state the basis for the claims against each defendant, *see* Order 2, ECF No. 7.

Pearsall returned with an Amended Complaint describing in more detail his arrest on June 11, 2022, for a robbery and shooting that occurred a week prior, and his subsequent prosecution on related criminal charges. *See* Am. Compl. at 2-3, ECF No. 9. According to Pearsall, the victim—who was "robbed, pistol whipped, and shot"—described the suspect to the Defendants, police officers who were apparently investigating the incident, as a Black male wearing a black hooded shirt, dark colored jeans, and white sneakers. *Id.* ¶¶ 5-6. The victim also told the Defendants that the incident "occurred after [he] contacted [Pearsall] to sell [Pearsall] some drugs." *Id.* ¶ 7.

Law enforcement officers reviewed pertinent video footage of the incident, which showed an individual other than Pearsall who was wearing a royal-blue hat, white T-shirt, and multi-colored sneakers committing the offenses. *See id.* ¶¶ 9, 17. Despite having reviewed this footage, the officers arrested Pearsall on June 11, 2022, apparently because phone records "connect[ed] [him] to the victim." *Id.* ¶¶ 8, 10, 18. While effecting the arrest, the officers "pulled out firearms and aimed them at [Pearsall], along with his family." *Id.* ¶¶ 10.B, 19.A.

051126

Pearsall was subsequently incarcerated at the George W. Hill Correctional Facility in connection with charges filed against him for aggravated assault, robbery, attempted murder, and possession of a firearm. *See id.* ¶ 11-12. The charges were dismissed for lack of evidence three months after Pearsall's arrest, but "the Defendants . . . caused these criminal charges to be re-filed against" Pearsall while he was still incarcerated. *Id.* ¶¶ 13-14. The Commonwealth pursued the prosecution for sixteen more months before withdrawing the charges, after which Pearsall was finally released. *See id.* ¶ 15.

Upon screening the Amended Complaint, the Court concluded that Pearsall "state[d] a plausible malicious prosecution claim" based on his allegation "that despite having viewed video footage reflecting that another individual was the perpetrator, the Defendants charged him with crimes he did not commit, resulting in his incarceration for nineteen months." *Pearsall v. Unknown Police Offs.*, No. 26-704, 2026 WL 917413, at *3 (E.D. Pa. Mar. 31, 2026) ("*Pearsall II*"). However, the Court noted that Pearsall did not adequately identify the Defendants "or describe[] their personal involvement in the events beyond collectively referring to them as 'Defendants.'" *Id.* Accordingly, the Court gave Pearsall leave to file a second amended complaint, *see id.* at *5, and again instructed him to specifically identify each defendant to the best of his ability, and to "state the basis for [his] claims against each defendant," Order 1, ECF No. 11.

Pearsall returned with his pending SAC, which again raises Fourth Amendment claims based on his arrest and prosecution, and which names as Defendants Detective Ryan Geider, three John Doe Police Officers (John Does ## 1-3), and John Doe #4 Prosecutor. *See* SAC, ECF No. 12. Other than the prosecutor, the Defendants are a detective and police officers for Upper Darby Township in Delaware County. *See id.* Pearsall alleges that Geider was the "lead

detective," and that all of the John Doe officers aimed firearms at him and his son, John Doe #1

Officer arrested him, and John Doe #2 Officer separated him from his son, "causing emotional

distress, trauma, fear, anxiety, mental anguish and paranoia."[2] *Id.* at 1-2.  He alleges the John

Doe #4 Prosecutor "caused for the charges [against Pearsall] to be refiled and dropped a day

before trial." *Id.* at 2.  Pearsall indicates that he seeks "monetary relief." *Id.* at 1.

## II.      STANDARD OF REVIEW

Since Pearsall is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the

Court to dismiss the SAC if it fails to state a claim.  The Court must determine whether the

Complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007)).  At this early stage of the litigation, the Court accepts the

facts alleged in the *pro se* Complaint as true, draws all reasonable inferences in Pearsall's favor,

and asks only whether the Complaint contains facts sufficient to state a plausible claim.  *See*

*Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds*

---

[2]      Pearsall appears to be suing Detective Geider and the John Doe Officers in their individual and official capacities. *See* SAC 1.  Claims against government employees in their official capacities are indistinguishable from claims against the government entity that employs them, meaning official capacity suits are "treated as a suit against the entity" and must meet the pleading standards for liability against that entity. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690, n.55 (1978)).  Pearsall, however, does not attempt to allege an official capacity claim against the law enforcement officers because none of his allegations suggest that the alleged violations of his Fourth Amendment rights stemmed from a municipal policy or custom. *See Monell*, 436 U.S. at 694 (holding that, to state a claim for municipal liability, a plaintiff must allege that the government defendant's policies or customs caused the alleged constitutional violation).  Accordingly, there is no basis for any official capacity claims here, so the SAC is better construed as raising claims against Defendants solely in their individual capacities. *See Downey v. Pa. Dep't of Corr.*, 968 F.3d 299, 310 (3d Cir. 2020) (looking to "the complaints and the course of proceedings" to determine whether a state official defendant is sued in his individual or official capacity (internal quotation marks and citation omitted)).

*recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *See Iqbal*, 556 U.S. at 678. Because Pearsall is proceeding *pro se*, the Court construes his allegations liberally. *See Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III.  DISCUSSION

### A.  Claims Against John Doe #4 Prosecutor

Pearsall's claims against John Doe #4 Prosecutor are based on the prosecutor's decision to refile the criminal charges against Pearsall and to pursue those charges until dropping them a day before trial. *See* SAC 2. Prosecutors are entitled to absolute immunity from liability under § 1983 for acts that are "intimately associated with the judicial phase of the criminal process" such as "initiating a prosecution and . . . presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); *Roberts v. Lau*, 90 F.4th 618, 624 (3d Cir. 2024) ("Prosecutors . . . are absolutely immune from liability under § 1983 for engaging in conduct that serves a quasi-judicial function."). Thus, John Doe #4 Prosecutor is immune from Pearsall's claims because they are based entirely on the prosecutor's role in pursuing the criminal case against Pearsall on behalf of the Commonwealth. Accordingly, the Court dismisses the claims against John Doe #4 Prosecutor with prejudice.

### B.  Claims Against Detective Geider and John Doe Officers

As previously explained, *Pearsall I*, 2026 WL 540785, at *2, a claim for false arrest and related false imprisonment requires a plaintiff to allege facts showing that he was arrested and detained without probable cause. *See Harvard v. Cesnalis*, 973 F.3d 190, 199-203 (3d Cir. 2020). "An officer has probable cause to arrest a person 'when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable

person to believe that an offense has been or is being committed by the person to be arrested.'" *Id.* at 199-200 (quoting *Orsatti v. N.J. State Police*, 71 F.3d 480, 483 (3d Cir. 1995)). As also previously noted, *Pearsall I*, 2026 WL 540785, at *2; *Pearsall II*, 2026 WL 917413, at *3, to assert a plausible Fourth Amendment malicious prosecution claim, a plaintiff must allege facts establishing that "(1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." *McKenna v. City of Phila.*, 582 F.3d 447, 461 (3d Cir. 2009) (citation omitted). A claim for excessive force under the Fourth Amendment is governed by an objective reasonableness standard that requires court to "balance the 'nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake.'" *Santini v. Fuentes*, 795 F.3d 410, 417 (3d Cir. 2015) (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)). To state a constitutional claim against a defendant, a plaintiff must describe how that defendant was personally involved in the alleged wrongs. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

Here, the SAC fails to state a Fourth Amendment claim because, other than alluding to Pearsall's arrest and prosecution, it sets forth no facts describing what Pearsall was arrested and prosecuted for and why probable cause was absent, and does not describe the circumstances surrounding his arrest.[3] *See, e.g.*, *Godfrey v. Pennsylvania*, 525 F. App'x 78, 80 (3d Cir. 2013)

---

[3]     Further, the Court previously dismissed Pearsall's false arrest and excessive force claims as time barred because they accrued in 2022—more than two years before Pearsall filed this case—and permitted him to amend "so that he has an opportunity to proceed *with his malicious prosecution claim.*" *Pearsall II*, 2026 WL 917413, at *2 n.4, *5 (emphasis added).

(*per curiam*) (explaining that, to the extent the plaintiff was asserting claims for false arrest and imprisonment, "[the plaintiff] needed to point to facts suggesting that Defendant Thompson lacked probable cause to believe he had committed the offense for which he was arrested"); *Jenkins v. City of Phila.*, No. 15-3271, 2015 WL 5585186, at *3 (E.D. Pa. Sept. 23, 2015) (dismissing false arrest, false imprisonment and malicious prosecution claims because the plaintiff failed to assert a plausible claim of lack of probable cause where the plaintiff, while alleging that he was twice arrested, did not have drugs in his possession, did not break the law and the police confiscated his property, "assert[ed] no other facts that would shed light on the circumstances under which he was arrested, on what the officers knew or should have known at the time of the arrest, or on any other factor that might have a bearing on the claims he attempts to raise"); *Santiago v. Hulmes*, No. 14-7109, 2015 WL 1422627, at *4 (E.D. Pa. Mar. 30, 2015) (dismissing false arrest, false imprisonment, and malicious prosecution claims when the plaintiffs failed to "affirmatively assert facts to show that the Officer Defendants did not have probable cause" when the plaintiffs simply alleged that all of the allegations against them in the underlying criminal proceedings were false).

If Pearsall assumed these missing details would be filled in from his Amended Complaint, he is incorrect because the most recent amended pleading supersedes the prior complaint. *See Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 35 (2025) ("If a plaintiff amends her complaint, the new pleading 'supersedes' the old one: The 'original pleading no longer performs any function in the case.'" (citation omitted)); *see also Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019) ("In general, an amended pleading supersedes the original

---

Nevertheless, Pearsall reasserted these untimely claims in his SAC against John Doe #1 Officer, John Doe #2 Officer, and John Doe #3 Officer. *See* SAC 2.

pleading and renders the original pleading a nullity.  Thus, the most recently filed amended complaint becomes the operative pleading." (internal citations omitted)).  The Court cannot look to a prior version of the pleading "to help fill the factual void in [the plaintiff's second] amended complaint."  *March v. Dep't of Defense*, No. 25-1650, 2025 WL 2417754, at *1 (3d Cir. Aug. 21, 2025) (*per curiam*) (citing *Royal Canin U.S.A.*, 604 U.S. at 35); *see also Argentina v. Gillette*, 778 F. App'x 173, 175 n.3 (3d Cir. 2019) (*per curiam*) (explaining that "liberal construction of a *pro se* amended complaint does not mean accumulating allegations from superseded pleadings").  This means any amendment must name all the defendants to be sued, list all claims against those defendants, and include all factual allegations in that pleading, even if that information was contained in an earlier filing.  *See Smith v. Price*, No. 11-1581, 2012 WL 1068159, at *4 (M.D. Pa. Mar. 5, 2012) ("[A]s a practical matter, the filing of amended . . . complaints effectively constitutes an abandonment of any prior complaints filed by a plaintiff."), *report and recommendation adopted,* No. 11-1581, 2012 WL 1072282 (M.D. Pa. Mar. 29, 2012); *see also Bryant v. Raddad*, No. 21-1116, 2021 WL 2577061, at *2 (E.D. Pa. June 22, 2021) ("Allowing a plaintiff to file partial amendments or fragmented supplements to the operative pleading, presents an undue risk of piecemeal litigation that precludes orderly resolution of cognizable claims." (internal quotation marks omitted)).  This rule is important because it ensures that the Defendants and the Court are clear on the complete set of defendants, allegations, and claims at issue in a case.  Since Pearsall's SAC appears to rely on knowledge of facts from his prior pleadings to state a claim and does not, standing alone, provide a sufficient factual basis for a Fourth Amendment claim, the Court dismisses it.

8

## IV.    CONCLUSION

For the foregoing reasons, the Court dismisses Pearsall's SAC but gives him one final opportunity to amend his claims. However, Pearsall's claims against John Doe #4 Prosecutor are dismissed with prejudice.  Pearsall is reminded that he must allege any and all supporting facts in any third amended complaint he files, meaning that he must reassert all of the factual allegations that give support to his claims rather than assuming knowledge of those facts from prior pleadings, and he must explain how each defendant he names played a role in violating his rights by specifically alleging what each defendant did or did not do that gave rise to the violation. Pearsall is further instructed not to reassert claims that are barred by absolute immunity or claims that are clearly untimely.

An appropriate Order follows, which provides further guidance about amendment.

BY THE COURT:


*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge