**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

ARDMMIR PEARSALL,                          :
    Plaintiff,                              :
                                            :
v.                                          :          No. 2:26-cv-0704
                                            :
UNKNOWN POLICE OFFICERS,                    :
    Defendants.                             :

**O R D E R**

**AND NOW**, this 11th day of May, 2026, upon consideration of Plaintiff Ardmmir

Pearsall's Second Amended Complaint, ECF No. 12, it is **ORDERED** that:

    1.    The Clerk of Court is **DIRECTED** to **AMEND** the caption to reflect that the

Defendants are:  (a) Ryan Geider, Detective #106; (b) John Doe #1, Police Officer; (c) John Doe

#2, Police Officer; (d) John Doe #3, Police Officer; and (e) John Doe #4, District Attorney.

    2.    The Second Amended Complaint, ECF No. 12, is **DISMISSED** for the reasons

stated in the Court's Memorandum as follows:

        a.    The claims against John Doe #4, District Attorney are **DISMISSED WITH**

            **PREJUDICE**.  The Clerk of Court shall **TERMINATE** John Doe #4, District

            Attorney as a Defendant.

        b.    The remaining claims are **DISMISSED WITHOUT PREJUDICE**.

    3.    Pearsall may file a third amended complaint within **thirty (30) days of the date**

**of this Order**.  Any third amended complaint must identify all defendants in the caption of the

amended complaint in addition to identifying them in the body of the third amended complaint

and shall state the basis for Pearsall's claims against each defendant.  **The third amended**

**complaint must also provide as much identifying information for the defendants as**

**possible.  Pearsall may refer to a defendant by last name only if that is the only identifying information possessed.  If Pearsall wishes to name individuals for whom he does not have any identifying information, he may refer to those individuals as John Doe #1, John Doe #2, etc.[1]  He is encouraged to include badge numbers (if he has that information) or physical description if he does not have names.**  The third amended complaint shall be a complete document that does not rely on other papers filed in this case to state a claim.  When drafting his third amended complaint, Pearsall should be mindful of the Court's reasons for dismissing the claims in his prior pleadings as explained in the Court's Memorandum.  Upon the filing of a third amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

4.      The Clerk of Court is **DIRECTED** to send Pearsall a blank copy of the Court's form complaint for a prisoner filing a civil rights action bearing the above civil action number. Pearsall may use this form to file his third amended complaint if he chooses to do so.

5.      If Pearsall does not wish to amend and instead intends to stand on his Second Amended Complaint, he may file a notice with the Court **within thirty (30) days of the date of this Order** stating that intent, at which time the Court will issue a final order dismissing the case.  Any such notice should be titled "Notice to Stand on Second Amended Complaint," and shall include the civil action number for this case.  *See Weber v. McGrogan*, 939 F.3d 232, 241 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703-04 (3d Cir. 1996) (holding "that

---

[1]      Without the name of at least one individual or entity, however, the Court may be unable to direct service of any amended complaint that Pearsall may file.

the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

6.    If Pearsall fails to file any response to this Order, the Court will conclude that Pearsall intends to stand on his Second Amended Complaint and will issue a final order dismissing this case.[2] *See Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*

JOSEPH F. LEESON, JR.
United States District Judge

---

[2]    The six-factor test announced in *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on her complaint. *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (*per curiam*).  Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend her complaint, leaving the case without an operative pleading.  *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (*per curiam*) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accts. Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).